MATTHEW C. MACLEAR, SBN 209228
Email: mcm@atalawgroup.com
JASON R. FLANDERS, SBN 238007
Email: jrf@atalawgroup.com
ERICA A. MAHARG, SBN 279396
Email: eam@atalawgroup.com
LYDIA V. WOOD, SBN 323786
Email: lw@atalawgroup.com
AQUA TERRA AERIS (ATA) LAW GROUP
490 43rd Street, Suite 108
Oakland, CA 94609
Telephone: (510) 473-8793

**Attorneys for Plaintiff**
ASSOCIATION OF IRRITATED RESIDENTS

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASSOCIATION OF IRRITATED RESIDENTS, a non-profit association, <br><br>              Plaintiff, <br><br>       vs. <br><br> OWENS-ILLINOIS, INC., a Delaware corporation, <br><br>              Defendant. | Civil Case No.: <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES UNDER THE CLEAN AIR ACT (42 U.S.C. § 7604)** |

# I. JURISDICTION AND VENUE

1.  Plaintiff Association of Irritated Residents ("AIR" or "Plaintiff") brings this suit under the citizen suit enforcement provision, 42 U.S.C. § 7604, of the federal Clean Air Act ("CAA") to redress and prevent violations of the CAA by Owens-Illinois, Inc. ("Defendant") at its facility located at 14700 W. Schulte Rd., Tracy, California, 95377 (the "Tracy Plant"). Among other things, the suit seeks declaratory relief, injunctive relief, and the assessment of civil penalties for violations of permits and requirements under Title V (i.e., the federal operating permits program) of the CAA, 42 U.S.C. §§ 7661-7661f, and the State Implementation Plan ("SIP") adopted by the State of California and approved by the Environmental Protection Agency ("EPA") pursuant to section 110 of the CAA, 42 U.S.C. § 7410, codified at 40 C.F.R. § 52.220. In this lawsuit, AIR alleges that Defendant has repeatedly violated and continues to violate requirements in its Title V permit to operate for the Tracy Plant.

2.  This court has subject matter jurisdiction under the CAA, 42 U.S.C. § 7604 (citizen suit provision), and the federal jurisdiction statute, 28 U.S.C. § 1331 (federal question jurisdiction) because the sources of the violations are located within this judicial district. The relief requested is authorized pursuant to 42 U.S.C. § 7604 and 28 U.S.C. §§ 2201-2202.

3.  The violations complained of occurred and continue to occur in the Eastern District of California. Venue is therefore proper in the Eastern District of California, pursuant to the Clean Air Act, 42 US.C. § 7604(c)(1), and the federal venue statute, 28 U.S.C. § 1391(b)-(c).

4.  Consistent with the CAA's citizen suit provision, 42 U.S.C. § 7604(b)(1)(A), on August 27, 2019, Plaintiff notified in writing the Administrator of the EPA (the "Administrator"), the Regional Administrator of Region 9 EPA, the Governor of California, the California Air Resources Board ("CARB"), Defendant, and the plant manager of the Tracy Plant of the violations alleged in this complaint and of Plaintiff's intent to sue. More than sixty (60) days have passed since this notice ("Notice of Intent to Sue") was served via certified U.S. mail. Defendant has violated and remains in violation of CAA, the California SIP, and its Title V permit. Plaintiff is informed and believes, and thereon alleges, that neither EPA nor CARB has commenced or is diligently prosecuting a court action to redress the ongoing violations alleged in the Notice of Intent to Sue and in this complaint. The

ATA Law Group
490 43rd Street, Suite 108
Oakland CA 94608
916-202-3018

1   Notice of Intent to Sue and its attachment are enclosed hereto as Exhibit A and incorporated herein

2   by reference.

3       5.   A copy of this complaint will be sent to the Attorney General of the United States and the

4   Administrator, pursuant to 42 U.S.C. § 7604(c)(3).

5                                       **II. PARTIES**

6       6.   Plaintiff Association of Irritated Residents is a California non-profit corporation incorporated

7   in 2012. AIR's mission is to combat the pollution of the air and waters of the San Joaquin Valley of

8   the State of California by raising awareness of sources of pollution, advocating for regulatory

9   oversight, and litigating against polluters in violation of state and federal environmental laws.

10      7.   AIR's members use the resources in the San Joaquin Valley airshed most immediately

11  impacted by Defendant's violations of CAA. Members reside, visit, work, and recreate near the Tracy

12  Plant and are exposed to the Tracy Plant's emissions. The health-related, aesthetic, recreational,

13  environmental, and economic interests of Plaintiff's members are and have been injured by

14  Defendant's failure to comply with its CAA permit, which is designed to achieve healthy air quality

15  for people and the environment. Interests of Plaintiff's members that are directly injured by

16  Defendant's violations at the Tracy Plant include, but are not limited to: (1) breathing air in the San

17  Joaquin Valley free from excessive pollution discharges and without the impact of and concern over

18  negative health effects that such emissions cause; (2) enjoying outdoor recreation that is unimpaired

19  by pollution from the Tracy Plant's emissions; (3) using and enjoying property and viewing and

20  enjoying natural scenery, wildlife, and a sky that is unimpaired by pollution from the Tracy Plant's

21  excessive emissions; and (4) protecting the natural ecology of the region from air pollution-related

22  impacts.

23      8.   Defendant Owens-Illinois, Inc., a corporation organized under the laws of Delaware, owns

24  and operates the Tracy Plant.

25                                **III. STATUTORY BACKGROUND**

26  A.   **CLEAN AIR ACT CITIZEN ENFORCEMENT PROVISION**

27      9.   The CAA is designed "to protect and enhance the quality of the Nation's air resources so as

28  to promote the public health and welfare and the productive capacity of its population." 42 U.S.C. §

1    7401(b)(1).

2    10. Any person may commence a civil enforcement action under the CAA against any party "who

3    is alleged to have violated . . . or to be in violation of [] an emission standard or limitation." *Id.* at §

4    7604(a). An "emission standard or limitation" is, among other things, any term or condition of a

5    permit issued under an approved State Implementation Plan, any standard or limitation under any

6    approved State Implementation Plan, or any permit term of a Title V operating permit. *Id.* at §

7    7604(f)(4).

8    **B.    STATE IMPLEMENTATION PLANS (SIPS)**

9    11. The EPA has established National Ambient Air Quality Standards ("NAAQS") for a number

10   of "criteria pollutants," such as particulate matter. 42 U.S.C. § 7409; 40 C.F.R. pt. 50. An area that

11   meets the NAAQS for a particular criteria pollutant is deemed to be in "attainment" for that pollutant.

12   *Id.* at § 7407(d)(1). An area that does not meet the NAAQS is a "nonattainment" area. *Id.*

13   12. Pursuant to 42 U.S.C. § 7410, each state must adopt and submit to EPA for approval a State

14   Implementation Plan ("SIP") that provides for the attainment and maintenance of the NAAQS.

15   Specifically, SIPs set forth requirements for permitting programs and specific emission standards and

16   limitations to assure that geographic areas either remain in attainment or regain attainment status.

17   Compliance with permit terms and conditions is a critical component of NAAQS attainment and

18   maintenance. Once a state's SIP is approved by EPA, it is published in the Code of Federal

19   Regulations and becomes enforceable federal law. 42 U.S.C. § 7413; 40 C.F.R § 52.23.

20   13. The State of California Implementation Plan for Achieving and Maintaining the National

21   Ambient Air Quality Standards ("California SIP") can be found at 40 C.F.R. § 52.220.

22   14. The California SIP includes the rules and regulations adopted by the various air districts

23   statewide.

24   **C.    TITLE V OPERATING PERMITS**

25   15. Title V of the CAA, 42 U.S.C. §§ 7661 -7661f, establishes an operating permit program for

26   "major sources" of air emissions, such as the Tracy Plant. The purpose of the Title V program is to

27   ensure that all "federally-enforceable" requirements for a source's compliance with CAA are

28   collected in one place—the Title V Federal Operating Permit. Thus, for example, the SIP provisions

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES

1 applicable to a source are incorporated into the source's Title V permit. EPA has stated that the Title

2 V program "will enable the source, States, EPA, and the public to understand better the requirements

3 to which the source is subject, and whether the source is meeting those requirements. Increased source

4 accountability and better enforcement should result." 57 Fed. Reg. 32,250, 32,251 (July 21, 1992).

5 16. California implements the Title V program pursuant to EPA-approved regulations. California

6 Health & Safety Code § 40001; 40 C.F.R. § 52.220(c).

7 17. It is unlawful for any person to violate any requirement of a permit issued under Title V or to

8 operate a major source except in compliance with a permit issued by a permitting authority under

9 Title V. 42 U.S.C. § 7661a(a).

10 **D.** **THE SAN JOAQUIN VALLEY AIR POLLUTION CONTROL DISTRICT**

11 18. Regional air pollution control districts within California are charged with implementing Title

12 V permits. California Health & Safety Code §§ 39002, 40001.

13 19. Defendant's Tracy Plant is under the authority of the San Joaquin Valley Air Pollution Control

14 District ("Air District"). *See* California Health & Safety Code § 40600.

15 20. The Air District issues, renews, revises, reopens, revokes, and terminates Title V operating

16 permits pursuant to Air District Rule 2520, in accordance with EPA regulations codified at 40 C.F.R.

17 § 70.

18 21. The Air District has adopted rules and regulations that are approved by EPA, are part of the

19 California SIP, and govern permits issued by the Air District, as well as operations at major sources

20 of air emissions, such as the Tracy Plant.

21 22. The California Legislature has declared: "Residents of the San Joaquin Valley suffer some of

22 the worst air quality in the world. This poor air quality poses a significant threat to public health, the

23 environment, and the economy of the valley." California Health and Safety Code § 40610(a).

24 23. According to the Air District website, the San Joaquin Valley is not currently attaining federal

25 air quality standards for fine particulate matter ($PM_{2.5}$) and ozone and is not attaining state air quality

26 standards for coarse particulate matter ($PM_{10}$), $PM_{2.5}$, and ozone.

27 **IV. <u>STATEMENT OF FACTS</u>**

28 24. Defendant owns and operates the Tracy Plant, a glass manufacturing plant located at 14700

1   W. Schulte Rd., Tracy, CA 95377.

2      25. The Tracy Plant is located in the San Joaquin Valley and is under the authority of the Air

3   District.

4      26. In addition to other units, the Tracy Plant includes three glass melting furnaces.

5      27. At all times relevant to this civil action, the Tracy Plant and its three glass melting furnaces

6   were a "major source" within the meaning of Title V of the CAA and the California SIP.

7      28. On information and belief, Plaintiff alleges that at all times relevant to this action Defendant's

8   Tracy Plant was operating under a Title V permit to operate.

9      29. On information and belief, Plaintiff alleges that the Air District issued a Title V Permit for the

10   Tracy Plant that was set to expire on July 17, 2017 ("2017 Title V Permit") and that 2017 Title V

11   Permit was active on August 27, 2014.

12      30. The Air District issued Defendant's Tracy Plant a renewed Title V Permit on or about July

13   25, 2018, which expires on July 31, 2022 ("2022 Title V Permit"). (The 2017 Title V Permit and the

14   2022 Title V Permit are collectively referred to herein as the "Title V Permit.")

15      31. Defendant's 36 MMBTU/Hr glass melting furnace #22-A ("Furnace A") was permitted in the

16   2017 Title V Permit as Unit No. N-593-12-14 and was subsequently permitted as Unit No. N-593-

17   12-15 in the 2022 Title V Permit. For all provisions relevant to this action, the permit unit

18   requirements for Furnace A are identical in both the 2017 and 2022 Title V Permits.

19      32. Defendant's 67 MMBTU/Hr glass melting furnace #22-B ("Furnace B") was permitted in the

20   2017 Title V Permit as Unit No. N-593-13-12 and was subsequently permitted as Unit No. N-593-

21   13-13 in the 2022 Title V Permit. For all provisions relevant to this action, the permit unit

22   requirements for Furnace B are identical in both the 2017 and 2022 Title V Permits.

23      33. Defendant's 60 MMBTU/Hr glass melting furnace #22-C ("Furnace C") was permitted in the

24   2017 Title V Permit as Unit No. N-593-10-16 and was subsequently permitted as Unit No. N-593-

25   10-17 in the 2022 Title V Permit. For all provisions relevant to this action, the permit unit

26   requirements for Furnace C are identical in both the 2017 and 2022 Title V Permits.

27      34. The Title V Permit includes Facility-Wide Requirements, as well as requirements for the

28   individually-permitted units, including Furnaces A, B, and C. The Facility-Wide Requirements were

1    permitted in the 2017 Title V Permit as Facility: N-593-0-4 and was subsequently permitted as

2    Facility: N-593-0-5 in the 2022 Title V Permit. For all provisions relevant to this action, the Facility-

3    Wide Requirements are identical in both the 2017 and 2022 Title V Permits.

4        35. The Title V Permit states: "The permittee must comply with all conditions of the permit

5    including permit revisions originated by the District. All terms and conditions of a permit that are

6    required pursuant to the Clean Air Act (CAA), including provisions to limit potential to emit, are

7    enforceable by the EPA and Citizens under the CAA. Any permit noncompliance constitutes a

8    violation of the CAA and the District Rules and Regulations, and is grounds for enforcement action,

9    for permit termination, revocation, reopening and reissuance, or modification; or for denial of a permit

10   renewal application. [District Rules 2070, 7.0; 2080; and 2520, 9.8.1 and 9.13.1] Federally

11   Enforceable Through Title V Permit." 2017 Title V Permit, Facility N-593-0-4, Requirement 5; 2022

12   Title V Permit, Facility C-593-0-5, Requirement 5.

13       36. Defendant's Title V Permit requires that "[t]he exhaust from the glass melting furnace[s] shall

14   be vented through an operational SOx scrubber and electrostatic precipitator [(collectively, "control

15   equipment")], except during periods of furnace startup (when technologically infeasible), furnace idle

16   (when technologically infeasible), and during add-on control system maintenance." 2017 Title V

17   Permit, Permit Unit N-593-10-16, Requirement 7, Permit Unit N-593-12-14, Requirement 7, Permit

18   Unit N-593-13-12, Requirement 7; 2022 Title V Permit, Permit Unit N-593-10-16, Requirement 7,

19   Permit Unit N-593-12-14, Requirement 7, Permit Unit N-593-13-12, Requirement 7.

20       37. Within the last five years, Defendant has self-reported at least forty-four occasions where it

21   has bypassed the control equipment at one or more of its glass melting furnaces.

22       38. On information and belief, Plaintiff alleges that these occasions did not occur "during periods

23   of furnace startup (when technologically infeasible), furnace idle (when technologically infeasible),

24   and during add-on control system maintenance." 2017 Title V Permit, Permit Unit N-593-10-16,

25   Requirement 7, Permit Unit N-593-12-14, Requirement 7, Permit Unit N-593-13-12, Requirement 7;

26   2022 Title V Permit, Permit Unit N-593-10-16, Requirement 7, Permit Unit N-593-12-14,

27   Requirement 7, Permit Unit N-593-13-12, Requirement 7.

28       39. By bypassing control equipment at its glass melting furnaces, Defendant has repeatedly

violated and continues to violate its Title V Permit.  *See* 2017 Title V Permit, Permit Unit N-593-10-16, Requirement 7, Permit Unit N-593-12-14, Requirement 7, Permit Unit N-593-13-12, Requirement 7; 2022 Title V Permit, Permit Unit N-593-10-16, Requirement 7, Permit Unit N-593-12-14, Requirement 7, Permit Unit N-593-13-12, Requirement 7.

40. The Title V Permit includes emissions limits for opacity. Specifically, the Title V Permit states that, "[n]o air contaminants shall be discharged into the atmosphere for a period of periods aggregating more than 3 minutes in any one hour which is dark or darker than Ringelmann 31 or equivalent to 20% opacity and greater. . .." 2017 Title V Permit, Facility N-593-0-4, Requirement 22; 2022 Title V Permit, Facility N-593-0-5, Requirement 22. This requirement applies to all three glass melting furnaces at the Tracy Plant.

41. Within the last five years, Defendant has self-reported at least eleven occasions where it has exceeded the opacity emissions limit at one or more of its glass melting furnaces.

42. By exceeding the opacity emissions limit, Defendant has repeatedly violated and continues to violate its Title V Permit.

43. The permit unit requirement for Furnace A in the Title V Permit requires that, "CO emissions from the glass furnace, except during periods of start-up, shutdown, or idling, shall not exceed any of the following limits: 300 ppmvd @ 8% O2 or 1.0 lb-CO/ton of glass pulled, based on a 3-hour rolling average." 2017 Title V Permit, Facility N-593-12-14, Requirement 25; 2022 Title V Permit, Facility N-593-12-15, Requirement 25 (collectively, "CO emissions limit").

44. Within the last five years, Defendant has self-reported at least seven occasions where it has exceeded the CO emissions limit at Furnace A.

45. On information and belief, Plaintiff alleges that those occasions did not occur "during periods of start-up, shutdown, or idling." 2017 Title V Permit, Facility N-593-12-14, Requirement 25; 2022 Title V Permit, Facility N-593-12-15, Requirement 25.

46. By exceeding the CO emissions limit, Defendant has repeatedly violated and continues to violate its Title V Permit.

47. This complaint seeks declaratory relief, injunctive relief, the imposition of civil penalties, and the award of costs, including attorney and expert witness fees, for Defendant's violations of its Title

V Permit and the CAA resulting from its operations at the Tracy Plant.

## FIRST CLAIM FOR RELIEF

**Defendant's Failure to Vent its Exhaust through Control Equipment at Furnaces A, B, and C in Violation of the Title V Permit (2017 Title V Permit, Permit Unit N-593-10-16, Requirement 7, Permit Unit N-593-12-14, Requirement 7, Permit Unit N-593-13-12, Requirement 7; 2022 Title V Permit, Permit Unit N-593-10-16, Requirement 7, Permit Unit N-593-12-14, Requirement 7, Permit Unit N-593-13-12, Requirement 7) and the Clean Air Act, 42 U.S.C. §§ 7604(a), 7604(f)**

48. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1-47.

49. Over the last five years, Defendant has repeatedly failed to vent its exhaust through its control equipment. Each time that the Defendant has failed to meet this requirement it has violated the Title V Permit (2017 Title V Permit, Permit Unit N-593-10-16, Requirement 7, Permit Unit N-593-12-14, Requirement 7, Permit Unit N-593-13-12, Requirement 7; 2022 Title V Permit, Permit Unit N-593-10-16, Requirement 7, Permit Unit N-593-12-14, Requirement 7, Permit Unit N-593-13-12, Requirement 7), as well as the CAA and the California SIP (*see* 2017 Title V Permit, N-593-0-4, Requirement 5; 2022 Title V Permit, N-593-0-5, Requirement 5, *see also* 42 U.S.C. §§ 7604(a), 7604(f)).

50. On information and belief, Plaintiff alleges that these violations did not occur "during periods of furnace startup (when technologically infeasible), furnace idle (when technologically infeasible), and during add-on control system maintenance." 2017 Title V Permit, Permit Unit N-593-10-16, Requirement 7, Permit Unit N-593-12-14, Requirement 7, Permit Unit N-593-13-12, Requirement 7; 2022 Title V Permit, Permit Unit N-593-10-16, Requirement 7, Permit Unit N-593-12-14, Requirement 7, Permit Unit N-593-13-12, Requirement 7.

51. On information and belief, Plaintiff alleges that these violations have continued and are continuing.

52. For each violation, Defendant is subject to civil penalties of up to $37,500 for violations occurring before November 2, 2015; up to $47,357 per day for violations occurring after November 15, 2019. *See* 40 C.F.R section 19.4, Table 2; Civil Monetary Penalty Inflation Adjustment Rule, 84

ATA Law Group
490 43rd Street, Suite 108
Oakland CA 94608
916-202-3018

Fed. Reg. 2056 (February 6, 2019).

53. An action for injunctive relief is authorized by CAA Section 304(a), 42 U.S.C. § 7604(a). Continuing commission of the acts and omissions alleged above would irreparably harm AIR, its members, and the citizens of the State of California, for which harm they have no plain, speedy, or adequate remedy at law.

54. An action for declaratory relief is authorized by 28 U.S.C. § 2201(a) because an actual controversy exists as to the rights and other legal relations of the Parties.

WHEREFORE, Plaintiff prays for judgment against Defendant as set forth hereafter.

## SECOND CAUSE OF ACTION

**Defendant's Failure to Meet Opacity Emissions Limits in Violation of its Title V Permit (2017 Title V Permit, Permit N-593-0-4, Requirement 22; 2022 Title V Permit, Permit N-593-0-4, Requirement 22) and the Clean Air Act, 42 U.S.C. §§ 7604(a), 7604(f)**

55. Plaintiff re-alleges and incorporates the allegations set forth in paragraph 1-52.

56. Over the last five years, Defendant has self-reported that it has repeatedly exceeded the opacity emissions limit at one or more of its glass melting furnaces.

57. Based on information and belief, Plaintiff alleges that Defendant has exceeded the opacity emissions limit on at least the occasions included in Table A over the last five years.

| Table A | | | | | |
|---|---|---|---|---|---|
| **Permit Unit** | **Permit Condition** | **Nature of Breakdown** | **Furnace** | **Date of Incident** | **Duration** |
| Permit: N-593-0-4 Facility Wide Requirements | 22 | Opacity exceedance | Furnace C | 12/13/2015 | 7 minutes |
| Permit: N-593-0-4 Facility Wide Requirements | 22 | Opacity exceedance | Furnace C | 12/10/2015 | 7 minutes |
| Permit: N-593-0-4 Facility Wide Requirements | 22 | Opacity exceedance | Furnace B | 1/25/2016 | 7 minutes |
| Permit: N-593-0-4 Facility Wide Requirements | 22 | Opacity exceedance | Furnace C | 3/5/2016 | 7 minutes |

ATA Law Group
490 43rd Street, Suite 108
Oakland CA 94608
916-202-3018

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES

| Table A | | | | | |
|---|---|---|---|---|---|
| **Permit Unit** | **Permit Condition** | **Nature of Breakdown** | **Furnace** | **Date of Incident** | **Duration** |
| Permit: N-593-0-4 Facility Wide Requirements | 22 | Opacity exceedance | Furnace B | 4/7/2016 | 12 minutes |
| Permit: N-593-0-4 Facility Wide Requirements | 22 | Opacity exceedance | Furnace C | 1/10/2017 | 11 minutes |
| Permit: N-593-0-4 Facility Wide Requirements | 22 | Opacity exceedance | Furnace B | 7/20/2017 | 4 incidents during one day (4 minutes; 16 minutes; 4 minutes; 30 minutes) |
| Permit: N-593-0-4 Facility Wide Requirements | 22 | Opacity exceedance | Furnace B | 7/19/2017 | 11 minutes |
| Permit: N-593-0-4 Facility Wide Requirements | 22 | Opacity exceedance | Furnace C | 2/15/2018 | 25 minutes |
| Permit: N-593-0-4 Facility Wide Requirements | 22 | Opacity exceedance | Furnace B | 2/20/2018 | 4 hours 43 minutes |
| Permit: N-593-0-4 Facility Wide Requirements | 22 | Opacity exceedance | Furnace C | 3/17/2018 | 6 minutes |

58. Each time that the Defendant has exceeded the opacity emission limit is a separate and distinct violation of the Title V Permit (2017 Title V Permit, Permit N-593-0-4, Requirement 22; 2022 Title V Permit, Permit N-593-0-4, Requirement 22), as well as the CAA and the California SIP (*see* 2017 Title V Permit, N-593-0-4, Requirement 5; 2022 Title V Permit, N-593-0-5, Requirement 5; *see also* 42 U.S.C. §§ 7604(a), 7604(f)).

59. On information and belief, Plaintiff alleges that these violations are continuing.

60. For each violation, Defendant is subject to civil penalties of up to $37,500 for violations occurring before November 2, 2015 and up to $47,357 per day for violations occurring after

ATA Law Group
490 43rd Street, Suite 108
Oakland CA 94608
916-202-3018

1   November 2, 2015. *See* 40 C.F.R section 19.4, Table 2; Civil Monetary Penalty Inflation Adjustment

2   Rule, 84 Fed. Reg. 2056 (February 6, 2019).

3   61. An action for injunctive relief is authorized by CAA Section 304(a), 42 U.S.C. § 7604(a).

4   Continuing commission of the acts and omissions alleged above would irreparably harm AIR, its

5   members, and the citizens of the State of California, for which harm they have no plain, speedy, or

6   adequate remedy at law.

7   62. An action for declaratory relief is authorized by 28 U.S.C. § 2201(a) because an actual

8   controversy exists as to the rights and other legal relations of the Parties.

9   WHEREFORE, Plaintiff prays for judgment against Defendant as set forth hereafter.

10   **THIRD CAUSE OF ACTION**

11   **Defendant's Failure to Meet the CO Emissions Limit at Furnace A in Violation of its Title V**

12   **Permit (2017 Title V Permit, Facility N-593-12-14, Requirement 25; 2022 Title V Permit,**

13   **Facility N-593-12-15, Requirement 25) and the Clean Air Act, 42 U.S.C. §§ 7604(a), 7604(f)**

14   63. Plaintiff re-alleges and incorporates the allegations set forth in paragraph 1-60

15   64. At various times over the last five years, Defendant has self-reported that it has exceeded the

16   CO emissions limit at Furnace A.

17   65. On information and belief, Plaintiff alleges that Defendant has exceeded the CO emissions

18   limit at Furnace A on at least the occasions included in Table B over the last five years.

| Table B | | | | |
|---|---|---|---|---|
| **Permit Unit** | **Nature of Breakdown** | **Permit Condition** | **Date(s) of Incident** | **Duration** |
| Permit: N-593-12-14 Furnace A | CO exceedance | 25 | 10/24/2015 | 2 hours |
| Permit: N-593-12-14 Furnace A | CO exceedance | 25 | 12/28/2016 | 2 hours |
| Permit: N-593-12-14 Furnace A | CO exceedance | 25 | 2/6/2017 | 6 hours |
| Permit: N-593-12-14 Furnace A | CO exceedance | 25 | 12/14/2017 | 3 hours |
| Permit: N-593-12-14 Furnace A | CO exceedance | 25 | 2/1/2018 | 2 hours |

| Table B | | | | |
|---|---|---|---|---|
| **Permit Unit** | **Nature of Breakdown** | **Permit Condition** | **Date(s) of Incident** | **Duration** |
| Permit: N-593-12-14 Furnace A | CO exceedance | 25 | 11/23/2017<br>11/27/2017 | 4 days 5 hours |
| Permit: N-593-12-14 Furnace A | CO exceedance | 25 | 11/23/2017<br>11/27/2017 | 3 days 11 hours |

66. Each time that the Defendant has exceeded the CO emission limit is a separate and distinct violation of the Title V Permit (2017 Title V Permit, Facility N-593-12-14, Requirement 25; 2022 Title V Permit, Facility N-593-12-15, Requirement 25), as well as the CAA and the California SIP (*see* 2017 Title V Permit, N-593-0-4, Requirement 5; 2022 Title V Permit, N-593-0-5, Requirement 5; *see also* 42 U.S.C. §§ 7604(a), 7604(f)).

67. On information and belief, Plaintiff alleges that those exceedances did not occur "during periods of start-up, shutdown, or idling." 2017 Title V Permit, Facility N-593-12-14, Requirement 25; 2022 Title V Permit, Facility N-593-12-15, Requirement 25.

68. On information and belief, Plaintiff alleges that these violations are continuing.

69. For each violation, Defendant is subject to civil penalties of up to $37,500 for violations occurring before November 2, 2015 and up to $47,357 per day for violations occurring after November 2, 2015. *See* 40 C.F.R section 19.4, Table 2; Civil Monetary Penalty Inflation Adjustment Rule, 84 Fed. Reg. 2056 (February 6, 2019).

70. An action for injunctive relief is authorized by CAA Section 304(a), 42 U.S.C. § 7604(a). Continuing commission of the acts and omissions alleged above would irreparably harm AIR, its members, and the citizens of the State of California, for which harm they have no plain, speedy, or adequate remedy at law.

71. An action for declaratory relief is authorized by 28 U.S.C. § 2201(a) because an actual controversy exists as to the rights and other legal relations of the Parties.

WHEREFORE, Plaintiff prays for judgment against Defendant as set forth hereafter.

# V.  RELIEF REQUESTED

WHEREFORE, based upon the allegations set forth above, Plaintiff respectfully requests that this Court:

A.      Declare that Defendant has violated the Clean Air Act, the California SIP, and its Title V Permit by failing to vent its exhaust through the control equipment as required;

B.      Declare that Defendant has violated the Clean Air Act, the California SIP, and its Title V Permit by exceeding its opacity emissions limit;

C.      Declare that Defendant has violated the Clean Air Act, the relevant portions of the California SIP, and its Title V Permit by exceeding its CO emissions limit at Furnace A;

D.      Enjoin Defendant from violating the substantive and procedural requirements of its Title V Permit;

E.      Order Defendant to take all appropriate actions, including beneficial mitigation projects authorized under the Clean Air Act, 42 U.S.C. § 7604(g)(2), to remedy, mitigate, and offset the harm to the public health and the environment caused by the violations of the Clean Air Act alleged above;

F.      Assess a civil penalty against Defendant of $37,500 per day for each violation proven by Plaintiff occurring before November 2, 2015 and $47,357 per day for each violation proven by Plaintiff occurring after November 2, 2015.

G.      Award Plaintiff its costs and attorneys' fees related to this action pursuant to 42 U.S.C. § 7604(d);

H.      Grant such other relief as the Court deems just and proper.

DATED: December 6, 2019                          AQUA TERRA AERIS LAW GROUP


                                                 /s/Erica A. Maharg
                                                 Erica A. Maharg
                                                 Attorneys for Plaintiff ASSOCIATION OF
                                                 IRRITATED RESIDENTS