UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASSOCIATION OF IRRITATED RESIDENTS, | ) Case No.: 1:19-cv-1707 DAD JLT |
| Plaintiff, | ) FINDINGS AND RECOMMENDATIONS GRANTING PLAINTIFF'S MOTION TO AMEND AND LIFT THE STAY |
| v. | ) |
| OWENS-ILLINOIS, INC., | ) (Doc. 8) |
| Defendant. | ) |

The Association of Irritated Residents asserts that violations of the federal Clean Air Act have occurred at a glass manufacturing plant in Tracy, California. (*See* Doc. 1) Originally, Plaintiff filed the complaint against Owens-Illinois, Inc., asserting that company owns and operates the Tracy Plant. (*See id.* at 3, ¶ 8) Plaintiff now seeks leave to amend the complaint to identify Owens-Brockway Glass Container Inc. as the only defendant, asserting this is the entity that owned and operated the Tracy Plant, rather than Owens-Illinois. (Doc. 8) For the reasons set forth below, the Court recommends Plaintiff's motion to amend the complaint and lift the stay be **GRANTED**.

I.     **Background**

The Association of Irritated Residents is a non-profit corporation with the mission "to combat the pollution of the air and waters of the San Joaquin Valley of the State of California by raising awareness of sources of pollution, advocating for regulatory oversight, and litigating against polluters in violation of state and federal environmental laws." (Doc. 1 at 3, ¶ 6) Members of AIR "reside, visit,

work, and recreate near" a glass manufacturing plant in Tracy, California ("the Tracy Plant"), and the members "are exposed to the Tracy Plant's emissions." (*Id.*, ¶ 7) According to AIR, operations at the Tracy Plant violated permits issued under Title V of the Clean Air Act through bypassing control equipment to vent exhaust from its glass melting furnaces, exceeding the opacity emissions limit, and exceeding the CO emissions limit. (*Id.* at 2, 6-8, ¶¶ 2, 36-46) AIR asserts its members are "directly injured" through the violations, and their interests include:

> (1) breathing air in the San Joaquin Valley free from excessive pollution discharges and without the impact of and concern over negative health effects that such emissions cause; (2) enjoying outdoor recreation that is unimpaired by pollution from the Tracy Plant's emissions; (3) using and enjoying property and viewing and enjoying natural scenery, wildlife, and a sky that is unimpaired by pollution from the Tracy Plant's excessive emissions; and (4) protecting the natural ecology of the region from air pollution-related impacts.

(*Id.* at 3, ¶ 7)

On August 27, 2019, AIR notified the Administrator of the Environmental Protection Agency, the Regional Administrator of the EPA, the Governor of California, the California Air Resources Board ("CARB"), Owens-Illinois, and the plant manager of the Tracy Plant of the above violations alleged in the Complaint and AIR's intent to sue. (Doc. 1 at 3, ¶ 4) AIR asserts that more than sixty days have passed since its "Notice of Intent to Sue" was served, and "neither EPA nor CARB has commenced or is diligently prosecuting a court action to redress the ongoing violations alleged." (*Id.*) AIR initiated this action by filing the Complaint on December 6, 2019, seeking declaratory relief, injunctive relief, and the assessment of civil penalties for the violations. (*See id.* at 2)

On January 8, 2020, Owens-Illinois filed a "Notice of Suggestion of Pendency of Bankruptcy and Automatic Stay of Proceedings." (Doc. 5) In the Notice, Owens-Illinois informed the Court that "Paddock Enterprises, LLC, successor by merger to Owens-Illinois, Inc. …, commenced a bankruptcy case in the United States Bankruptcy Court for the District of Delaware … by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, *et seq.*" (*Id.* at 1) In light of the bankruptcy proceeding, *In re Paddock Enterprises, LLC*, Chapter 11 Case No. 20-10028 (LSS), the Court stayed the action on January 15, 2020. (Doc. 6)

Plaintiff filed the motion to amend now pending before the Court on April 1, 2020, seeking "leave to amend its Complaint to name a new defendant, Owens-Brockway Glass Container, Inc., and

to dismiss the originally-named defendant, Owens-Illinois, Inc." (Doc. 8 at 2)  In addition, AIR requests the Court find "that proceeding against the newly-named defendant, Owens-Brockway Glass Container, Inc., does not implicate the bankruptcy stay because Owens-Brockway Glass Container, Inc. is a non-debtor defendant." (*Id.*)  Paddock Enterprises, successor by merger to Owens-Illinois, filed its opposition to the motion on April 17, 2020. (Doc. 13)  Paddock Enterprises opposes the motion to the extent AIR seeks to dismiss Owens-Illinois without prejudice, asserting the company must be dismissed with prejudice for the stay to be lifted. (*See id.* at 2)  AIR filed its reply on April 24, 2020. (Doc. 14)

The Court found the mater suitable for decision without oral arguments, and the motion was taken under submission pursuant to Local Rule 230(g) and General Order 617 on April 27, 2020.

**II.     Leave to Amend**

Rule 15 of the Federal Rules of Civil Procedure govern the pleading amendments.  Pursuant to Rule 15(a), "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1).  Thus, under Rule 15(a), a plaintiff "need not obtain leave from the Court to file an amended complaint if Defendants have not filed a responsive pleading." *Palestini v. General Dynamics Corp.*, 193 F.R.D. 654, 657 (S.D. Cal. 2000).

Rule 15(a) "'complements the liberal pleading and joinder provisions of the federal rules by establishing a time period during which the pleadings may be amended automatically.…'" *Clinco v. Roberts*, 41 F.Supp. 2d 10808, 1086 (C.D. Cal. 1999) (quoting Wright, et al., *Federal Practice & Procedure* § 1473, at p.521 (2d ed. 1990)).  Significantly, "[w]hen the plaintiff has the right to file an amended complaint as a matter of course, []the plain language of Rule 15(a) shows that the court lacks the discretion to reject the amended complaint based on its alleged futility." *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1292 n.6 (11th Cir. 2007).

Plaintiff asserts that after Owens-Illinois filed a Notice of Bankruptcy, AIR "learned of the Corporate Family reorganization and discovered that the owner and/or operator of the Tracy Plant is a different corporate entity, Owens-Brockway." (Doc. 8 at 5)  Plaintiff reports that "Owens-Brockway, not Owens-Illinois, is responsible for the violations AIR alleges in its Complaint." (*Id.*)  Thus,

3

Plaintiff seeks leave to file an amended complaint naming Owens-Brockway as the only defendant, thereby dropping the claims against Owens-Illinois.  (*See generally* Doc. 8 at 5-7; Doc. 8-1)

Paddock Enterprises does not oppose the filing of an amended complaint as a matter of course pursuant to Rule 15(a).  (*See* Doc. 13 at 2 [indicating the limited opposition is related to Plaintiff's request to lift the stay])  Because Owens-Illinois has not filed an answer and Plaintiff is entitled to amend the complaint as a matter of course pursuant to Rule 15(a), the Court recommends the request for leave to file the proposed First Amended Complaint be **GRANTED**.

### III.     Request to Lift the Stay

Plaintiff asserts that Owens-Brockway is a subsidiary of Owens Illinois Group, which is not included in the bankruptcy case.  (Doc. 8 at 5; citing Doc. 10-3 at 5 ["Chapter 11 applies only to Paddock and **NOT** O-I Glass, Inc. or any of its glass-making or related subsidiaries"]) (emphasis in original)  Thus, Plaintiff asserts that Owens-Brockway is "not subject to the bankruptcy proceeding or stay."  (*Id.*)  Because Owens-Brockway is a non-debtor defendant, and "AIR will have dismissed all claims against the debtor defendant, Owens-Illinois" with the filing of the proposed amended complaint, Plaintiff requests the Court lift the stay in the action.  (Doc. 8 at 7, citing, e.g., *Chugach Timber Corp. v. Northern Stevedore & Handling Corp.*, 23 F.3d 241, 246 (9th Cir. 1994); *In re Gronczewski*, 444 B.R. 526, 531 (Bankr. E.D. Pa. 2011) [finding that proceeding against non-debtor defendants did not violate bankruptcy stay because the "actions were directed entirely against parties other than the Debtor"]).

Paddock Enterprises opposes the motion to amend only to the extent Plaintiff seeks to lift the stay.  (Doc. 13 at 2)  Paddock Enterprises acknowledges "it is generally true that a bankruptcy stay does not extend to non-debtor defendant," but asserts three exceptions prevent the stay from being lifted in this action: (1) "the stay extends to non-debtor defendants when the debtor is an indispensable party;" (2) the stay extends to non-debtor defendants when 'there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor;'" and (3) "the stay extends to non-debtor defendants when failing to do so 'could conceivably have any effect' on [the] administration of [the] reorganization plan' of the debtor."  (*Id.* at 5-6, citing *United States v. Dos*

1   *Cabezas Corp.*, 995 F.2d 1486, 1491 n.3 (9th Cir. 1993)).  Paddock Enterprises maintains that "[i]f
2   Plaintiff wants to lift the stay, it must eliminate the liability its lawsuit represents to Owens-Illinois by,
3   for example, dismissing its claims against Owens-Illinois *with prejudice*."  (*Id.* at 13, emphasis in
4   original)

5   **A.     Whether the Debtor is an indispensable party**

6   According to Paddock Enterprises, "Plaintiff, by its own hand, has made Owens-Illinois an
7   indispensable party to this lawsuit." (Doc. 13 at 4)  Paddock Enterprises observes: "Under the Clean
8   Air Act, a plaintiff must provide each alleged violator and regulatory authorities with a 60-day notice
9   prior to commencing litigation." (*Id.*, citing 42 U.S.C. § 7604(b))  Because Plaintiff did not serve a
10  notice on Owens-Brockway but instead Owens-Illinois, Paddock Enterprises argues that "Plaintiff has
11  not satisfied the jurisdictional prerequisites to allow this case to proceed—at least based on the Notice
12  —in the absence of Owens-Illinois."  (*Id.* at 5)

13  Importantly, however, the Court lacks discretion to review the sufficiency of the pleading, or
14  merits of an action, when a plaintiff files an amended complaint as a matter of course under Rule 15(a).
15  *Williams*, 477 F.3d at 1292, n.6.  Thus, even if the notice is insufficient to Owens-Brockway, "the court
16  lacks discretion to reject the amended complaint" on these grounds.  *See id.*  Regardless, it is
17  undisputed that Paddock Enterprises and Owens-Illinois are "not involved in the glass manufacturing
18  operations at the Tracy Plant."  (Doc. 14 at 6, citing Doc. 13 at 3, Doc. 10-3 at 5) Because Owens-
19  Illinois is not involved with the operations, it cannot be considered an indispensable party to a suit
20  challenging those operations.  Thus, the Court finds this exception to lifting a bankruptcy stay does not
21  apply in this action.

22  **B.     Identity between the Debtor and the third-party defendant**

23  Paddock Enterprises asserts there is "such identity between the debtor [Owens-Illinois] and the
24  third party defendant [Owens-Brockway]," to the extent that Owens-Illinois "may be said to be the real
25  party defendant." (Doc. 13 at 5)  Paddock Enterprises asserts this is true because "Plaintiff proposes to
26  litigate the exact same claims, based upon the exact same allegations, as set forth in the exact same
27  citizen-suit Notice, against Brockway Glass instead of Owens-Illinois."  (*Id.*)

28  Notably, however, Paddock Enterprises fails to show there is identity of the *parties* and, rather,

shows only there is identity of the *issues*, which is not sufficient. *See Dos Cabezas Corp.*, 995 F.2d at 1492, quoting *Croyden Assocs. v. Alleco, Inc.*, 969 F.2d 675, 677 (8th Cir. 1992) ("'similar legal and factual nexus' … is not sufficient grounds for extending the automatic stay"). Plaintiff explained that due to the corporate restructuring, O-I Glass has two direct subsidiaries: Paddock Enterprises, which is the successor by merger to Owens-Illinois and "includes all of the Company's legacy asbestos-related liabilities," and Owens-Illinois Group, which includes all of the glass operations. (Doc. 8 at 4) Furthermore, Plaintiff asserted that Paddock Enterprises is "structurally isolated from the rest of the Company." (*Id.*) Indeed, Paddock Enterprises admitted, "It is undisputed that Owens-Illinois and Brockway Glass are *separate and distinct corporate entities*." (Doc. 13 at 3) (emphasis added). Given the admission that the parties are separate entities—and the failure to show an identity between the parties, this exception to lifting a stay does not apply.

### C.   Impact on the reorganization plan

Paddock Enterprises asserts, "If Plaintiff is allowed to proceed with this lawsuit against Brockway Glass, Owens-Illinois will face the very real possibility of issue preclusion, joint liability, a multiplicity of actions, and/or inconsistent verdicts if and when Plaintiff decides to pursue Owens-Illinois in the future for these claims." (Doc. 13 at 6) According to Paddock Enterprises,

> If Plaintiff is allowed to proceed with this lawsuit against Brockway Glass, Owens-Illinois will face the very real possibility of issue preclusion, joint liability, a multiplicity of actions, and/or inconsistent verdicts if and when Plaintiff decides to pursue Owens-Illinois in the future for these claims.
> The fundamental problem with Plaintiff's tactic is that it essentially forces Owens-Illinois into an improper Hobson's Choice. Owens-Illinois can either: (a) accept a dismissal without prejudice, allow the litigation to proceed in its absence, and leave its interests undefended; or (b) intervene and expend funds to defend itself—funds which will deplete the Owens-Illinois corpus that is held in trust, via the protections afforded to it by the Bankruptcy Code, for the benefit of its existing creditors and its ultimate reorganization.

(*Id.*)

In response, Plaintiff argues, "Defendant fails to explain how proceeding with the litigation or a judgment against Owens-Brockway will potentially impact the estate of Owens-Illinois." (Doc. 14 at 8) Plaintiff also observes that "issue preclusion, joint liability, a multiplicity of actions, and/or inconsistent verdicts"—possibilities identified by Paddock Enterprises—are not "related to the bankruptcy reorganization and, even if true, could not prevent the continuation of litigation against a

6

non-debtor defendant." (*Id.*, citing *Dos Cabezas Corp.*, 995 F.2d at 1492).

As Plaintiff observes, Paddock Enterprises fails to show the action against Owens-Brockway would—or could—affect a reorganization plan for Paddock Enterprises. To the contrary, as indicated above, Paddock Enterprises acknowledged the two entities are separate. (Doc. 13 at 3) Furthermore, once the First Amended Complaint is filed, Paddock Enterprises will not have *any* interests in this action that will be undefended, as it will not be a party to the suit related to operations at the Tracy Plant. Because Owens-Brockway operates the glass operations—in issue in this action—and Paddock Enterprises deals with asbestos-related liabilities and is a separate entity, the Court finds no evidence that a suit against Owens-Brockway has the possibility of affecting the reorganization of Paddock Enterprises. If Paddock is taking the position that, indeed, it and Owens-Brockway or it alone, is the correct party, it has failed to make any clear effort to alert the Court to this fact. Accordingly, Paddock Enterprises fails to show this exception applies.

### IV. Findings and Recommendations

Plaintiff is entitled to file an amended complaint as a matter of course under Rule 15(a), which Defendant does not dispute. Further, the Court finds the bankruptcy should be lifted following the filing of the amended complaint, as Owens-Brockway will be the only defendant and that entity is not involved in the bankruptcy proceedings. Accordingly, the Court **RECOMMENDS**: Plaintiff's request for leave to file the First Amended Complaint and lift the stay (Doc. 8) be **GRANTED**.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these Findings and Recommendations, any party may file written objections. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be filed within seven days of the date of service of the objections.

///
///
///

1 | The parties are is advised that failure to file objections within the specified time may waive the
2 | right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v.*
3 | *Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

5 | IT IS SO ORDERED.

6 | Dated: **April 30, 2020**                     /s/ Jennifer L. Thurston
7 |                                                                  UNITED STATES MAGISTRATE JUDGE