UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASSOCIATION OF IRRITATED RESIDENTS,<br><br>    Plaintiff,<br><br>    v.<br><br>OWENS-ILLINOIS, INC., et al.,<br><br>    Defendants. | No. 1:19-cv-01707-DAD-JLT<br><br>ORDER APPROVING FIRST AMENDED CONSENT DECREE<br><br>(Doc. No. 41) |

This matter is before the court on the parties' joint request to approve a first amended consent decree, filed on August 2, 2021, which the court construes as a motion for relief under Federal Rule of Civil Procedure 60(b)(1). (Doc. No. 41.) After the approval of the parties' proposed consent decree on July 14, 2021 (Doc. No. 40), the parties became aware that the consent decree inadvertently directed the compliance monitoring payment to plaintiff's Executive Director, in his personal capacity, rather than to plaintiff as an organization (Doc. No. 39, Ex. A at ¶ 36), and the parties wished instead direct that the compliance monitoring payment be sent to plaintiff's counsel to be held in trust for plaintiff. (Doc. No. 41 at 2.) Thus, the parties jointly request that the court modify the consent decree approved in this matter on July 14, 2021 (Doc. No. 40) in order to correct: (1) the paragraph directing how defendant is to pay the compliance monitoring payment (Doc. No. 39, Ex. A at ¶ 36)); and (2) the paragraph outlining the specific

1

rules for how the parties may modify the consent decree in the future by removing a fourteen (14) day deadline (*Id.* at ¶ 54). Having reviewed and considered the submissions of the parties, the court determines this matter is suitable for resolution without oral argument. *See* L.R. 230(g). For the reasons set forth below, the court will grant the parties' joint request and approve the first amended consent decree.

This suit arises from a complaint for declaratory and injunctive relief and civil penalties pursuant to the citizen suit enforcement provision of the Federal Clean Air Act, 42 U.S.C. §§ 7401, *et seq.* ("Clean Air Act" or "CAA"). (Doc. No. 19.) Plaintiff Association of Irritated Residents ("AIR") is a California non-profit corporation. (*Id*. at ¶ 6.) Defendant Owens-Brockway Glass Container, Inc., is a Delaware corporation registered in California that owns and operates a glass manufacturing plant in Tracy, California. (*Id*. at ¶ 8.) Defendant Owens-Illinois, Inc., was the parent corporation of defendant Owens-Brockway Glass Container, Inc. until it declared bankruptcy in January 2020. (*Id*. at ¶ 9.) Plaintiff alleges that defendant Owens-Illinois, Inc., is not responsible for the glass manufacturing operations conducted by defendant Owens-Brockway Glass Container, Inc. (*Id.*)

The court previously approved the parties' proposed consent decree on July 14, 2021, and this case was closed. (Doc. No. 40.) Pertinent factual details may be found in that order and will not be repeated here. Prior to submitting this joint stipulation, the parties contacted the U.S. Department of Justice ("DOJ") to determine whether the proposed first amended consent decree would undergo review pursuant to 42 U.S.C. ¶ 7604(c)(3). DOJ chose to waive their review for the proposed first amended consent decree. (Doc. No. 41 at 6.)

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks and citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original). Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

"A consent decree is 'essentially a settlement agreement subject to continued judicial policing.'" *United States v. Oregon*, 913 F.2d 576, 580 (9th Cir. 1990) (quoting *Williams v. Vukovich*, 720 F.2d 909, 920 (6th Cir. 1983)). Thus, before approving a consent decree, a district court must independently determine that the proposed agreement is "fundamentally fair, adequate, and reasonable" and "conform[s] to applicable laws." *Id.*; *see also Arizona v. City of Tucson*, 761 F.3d 1005, 1010–14 (9th Cir. 2014). "[T]he district court must balance several factors, including but not limited to: strength of the plaintiffs' case; risk, expense, complexity and possible duration of continued litigation; relief offered in settlement; extent of discovery already completed; stage of proceedings; experience and views of counsel; governmental participation; and reaction of the class members." *Davis v. City & County of San Francisco*, 890 F.2d 1438, 1445 (9th Cir. 1989) (citing *Officers for Justice v. Civil Serv. Comm'n of City & Cnty. of S.F.*, 688 F.2d 615, 625 (9th

3

Cir. 1982)). Where a government agency is involved in the negotiation of the proposed consent decree, there is a presumption in favor of the decree's enforceability, and courts should pay deference to the agency's judgment. *See S.E.C. v. Randolph*, 736 F.2d 525, 529 (9th Cir. 1984).

The court again concludes that this consent decree will provide substantial relief to the parties and good case appearing, it should be corrected according to the terms of the parties' stipulation. The first amended consent decree as proposed is the product of a fair arms-length negotiation process and is fair, reasonable, and adequate, and not illegal, collusive, or against the public interest. Though a government agency was not involved in the negotiation of the proposed consent decree, the United States' comments regarding waiving any review further indicate that the proposed first amended consent decree is an appropriate resolution of this case. *See Pa. Env't Def. Found. v. Bellefonte Borough*, 718 F. Supp. 431, 435 (M.D. Pa. 1989) (considering comments from the United States, a nonparty, in approving a consent decree in a citizen suit action brought under the Clean Water Act).

For these reasons:

1. The joint stipulation for entry of the parties' first amended consent decree (Doc. No. 41) is granted;

2. The consent decree approved on July 14, 2021 (Doc. No. 39, Ex. A) is hereby amended as follows:

    a. Paragraph 36 shall be amended to state: Defendant agrees to pay a one-time total of $10,000.00 to AIR as settlement of Plaintiff's future claims for investigation fees and costs, expert/consultant fees and costs, reasonable attorneys' fees, and other costs anticipated to be incurred for monitoring the Parties' compliance with the Consent Decree. The payment in full shall be made within thirty (30) days after entry of the First Amended Consent Decree by the Court and delivered by wire, certified mail, or overnight delivery made payable to Aqua Terra Aeris Law Group, LLP, 4030 Martin Luther King Jr. Way, Oakland, CA 94609. Payment shall be held in trust for AIR;

/////

      b. Paragraph 54 shall be amended to state:  Modification of the Consent Decree. This Consent Decree, and any provisions herein, may not be changed, waived, discharged, or terminated unless by a written instrument, signed by the Parties and approved by the Court; and

      c. No other provision of the Consent Decree is amended by this First Amended Consent Decree;

3. The court retains continuing jurisdiction to enforce the consent decree in this action for the duration of the decree (*see* Doc. No. 39 at ¶¶ 11–13); and

4. This case is to remain closed.

IT IS SO ORDERED.

Dated: **August 9, 2021**　　　　　　　*Dale A. Drozd*
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE